# IN THE COURT OF APPEALS OF IOWA

No. 20-1512
Filed January 21, 2021

**IN THE INTEREST OF J.J.,**
**Minor Child,**

**S.M., Mother,**
 Appellant,

**T.J., Father,**
 Appellant.

_____

Appeal from the Iowa District Court for Clarke County, Monty Franklin, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Shireen L. Carter of Shireen Carter Law Office, PLC, Norwalk, for appellant mother.

Marc A. Elcock of Elcock Law Firm, PLC, Osceola, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Tamara Knight, Greenfield, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

A mother and father appeal the termination of their parental rights to their child, born in 2017. Both concede the State proved the grounds for termination cited by the district court. They argue (1) termination was not in the child's best interests and (2) the court should have invoked an exception to termination based on the child's placement with a relative.

## I.    *Best Interests*

The parents take issue with the district court's finding that they compromised the child's safety. They assert they never harmed the child. *See* Iowa Code § 232.116(2) (2020) (giving "primary consideration to the child's safety," among other considerations); *In re J.H.*, ___ N.W.2d ___, ___, 2020 WL 7413605, at *12 (Iowa 2020). On our de novo review, we disagree.

A department of human services social worker and case manager testified the child "came to the attention of the department . . . regarding allegations that [the father] had physically assaulted [the mother], and then additional allegations . . . that [the mother] was using methamphetamines." Following an investigation, the department issued two founded child protective assessments "for dangerous substances in regards to [the mother] and denial of critical care" and "dangerous substances as well as supervision concerns" with respect to the father. The child was removed from the parents' care shortly thereafter and remained out of their care for fourteen months.

The department provided a variety of services to facilitate reunification. At the time of the termination hearing, the department reported that "[u]naddressed substance abuse, mental health concerns, domestic violence and overall instability

remain[ed] significant safety concerns that prevent[ed] [the child] from returning to [parental] care."

The department social worker reiterated that point, testifying neither parent was "compliant or successful in any of the [requested] services." She cited the absence of "any documentation" that the father was "actively engaged in any substance abuse or mental health services" and pointed to the mother's participation in only "seven substance abuse related appointments" in a year and only one of five in the six weeks preceding the termination hearing. The social worker also referenced a recent charge of domestic-abuse assault filed against the father as well as his violation of a no-contact order issued in connection with that criminal case. To her knowledge, neither parent engaged with a domestic-violence treatment provider or advocate. The social worker testified, "The parents . . . had almost a year and a half to address these issues and . . . made no real progress."

Both parents acknowledged their inconsistent compliance with reunification services. Their concession, together with the cited evidence, supports the district court's conclusion that termination was in the child's best interests.

## II.    *Exception to Termination*

A court need not terminate a parental relationship if "[a] relative has legal custody of the child." Iowa Code § 232.116(3)(a). The district court declined to invoke this permissive exception to termination. *See In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019).

The district court's decision finds support in the record. The department social worker testified the child was placed with a relative following removal and later "was transitioned to" the "care and custody" of other relatives who were willing

to serve as an adoptive placement. The employee noted that the child was "doing very well." While the court could have created a guardianship with the relatives in lieu of terminating parental rights, "a guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). Given the parents' inconsistent compliance with reunification services, we conclude the district court appropriately chose termination over the uncertainties created by a guardianship.

We affirm the termination of parental rights to the child.

**AFFIRMED ON BOTH APPEALS.**